**Opinion filed April 1, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-08-00209-CR

_____

### JUSTIN MCCULLOUGH, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the County Court**

**Ector County, Texas**

**Trial Court Cause No. 07-3935**

### M E M O R A N D U M   O P I N I O N

The jury convicted Justin McCullough of driving while intoxicated. The trial court sentenced McCullough to six months in jail, probated for one year, and fined McCullough $800. We affirm.

### I. *Background Facts*

McCullough crashed his pickup into the east and west guardrails of a two-lane highway. McCullough testified that he hit the guardrails after swerving to miss a coyote and that he thought his right rear tire blew out before contact. Immediately after the accident, McCullough called his father,

who arrived at the scene at approximately 12:25 a.m., checked his son for injuries, and then called the local sheriff's department.

Trooper John Martinez was dispatched and arrived at the scene of the accident around 12:45 a.m. Trooper Martinez noticed that McCullough's eyes were bloodshot and glassy, and he smelled alcohol on McCullough's breath. McCullough admitted that he had a beer after work and then another two beers and a mixed drink at his girlfriend's house between 7 p.m. and 10:30 p.m.

Trooper Martinez had McCullough perform three field sobriety tests. Trooper Martinez first tested McCullough with the Horizontal Gaze Nystagmus (HGN) test. McCullough exhibited six clues of intoxication. Trooper Martinez then had McCullough perform the walk-and-turn test. Before starting, McCullough informed Trooper Martinez that he had a bad knee. Trooper Martinez observed five out of seven intoxication clues on this test. In the final test, the one-leg stand, Trooper Martinez observed two out of three clues. Trooper Martinez then arrested McCullough for driving while intoxicated.

## II. *Legal & Factual Sufficiency*

McCullough complains on appeal that his conviction is supported by legally and factually insufficient evidence. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we review all the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

The jury, as trier of fact, is the sole judge of witness credibility and of the strength of the evidence. *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of a witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The appellate court should not reweigh the evidence as a thirteenth juror or decide whether it believes the evidence established the elements in question beyond a reasonable doubt. *Gibbs v. State*, 819 S.W.2d 821, 834 (Tex. Crim. App. 1991).

2

McCullough questions the reliability and credibility of Trooper Martinez's testimony and contends that, without it or evidence of McCullough's blood alcohol level, the State did not present sufficient evidence to prove that McCullough drove while intoxicated. Intoxication is defined by law as not having the normal use of mental or physical faculties by reason of the introduction of alcohol or having an alcohol concentration of .08 or more. TEX. PENAL CODE ANN. § 49.01(2)(A), (B) (Vernon 2003).

McCullough argues that Trooper Martinez's testimony was unreliable and not credible because the officer inadequately investigated the accident, made numerous mistakes on his paperwork, testified inconsistently, prematurely concluded and operated under the bias that McCullough was intoxicated, and did not employ other field sobriety tests after learning that McCullough had knee problems. The mistakes and alleged deficiencies Trooper Martinez made during his investigation were heard and considered by the jury. It is not our role to determine witness credibility or reliability, and the jury was free to accept or reject any portion of Trooper Martinez's testimony as well as any of the other witnesses.

McCullough also attacks Trooper Martinez's credibility based on the officer's administration of the HGN test. McCullough relies on *State v. Rudd* to assert that an HGN test conducted off-camera is not credible as a matter of law *State v. Rudd*, 255 S.W.3d 293 (Tex. App.—Waco 2008, pet. ref'd). The court in *Rudd* held that the trial court did not abuse its discretion when it found that the State failed to prove that the officer properly administered the test and suppressed the evidence. *Id*. at 301. We are not addressing the admissibility of evidence, only its sufficiency. McCullough's reliance on *Rudd* is misplaced.

Sufficient evidence established that McCullough drove while intoxicated: McCullough's admission to drinking alcohol and that the accident occurred, testimony about his poor performance on the sobriety tests, and his behavior and demeanor at the scene of the accident. Viewed in the light most favorable to the jury's determination, the jury acted rationally when it concluded that McCullough was guilty of driving while intoxicated. The evidence is also not so weak or against the great weight of conflicting evidence to undermine our confidence in the jury's decision. Accordingly, we overrule McCullough's sufficiency challenges.

3

### III.  *Conclusion*

The judgment of the trial court is affirmed.

RICK STRANGE

JUSTICE

April 1, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

4